AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT FILED

## for the

### Northern District of Indiana

MAY 2 4 2013

At_____M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   2:13 MJ 107 |
| | ) | |
| Daniel Thomas Eckstrom | ) | |
| *Defendant* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of   01/01/2008-5/23/2013   in the county of   Lake   in the   Northern   District of Indiana   , the defendant violated   18   U. S. C. §   2251(a)   , an offense described as follows:

He did knowingly employ, use, persuade, induce, entice, and coerce a minor child to engage in, or to assist any other person to engage in, sexually explicit conduct for the purpose of producing a visual depiction of such conduct, where the visual depiction was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, in violation of Title 18, United States Code, Section 2251(a).

This criminal complaint is based on these facts:

See attached affidavit.

X   Continued on the attached sheet.

_____
*Complainant's signature*

_____Marc O. Rochon, Special Agent; HSI_____
*Printed name and title*

Sworn to before me and signed in my presence.

**S/Andrew P. Rodovich**

Date:   May 24, 2013

_____
*Judge's signature*

City and state:   Hammond, Indiana

_____Andrew P. Rodovich_____
*Printed name and title*

## AFFIDAVIT

I, Marc Rochon, a Special Agent with United States Homeland Security Investigations ("HSI"), being duly sworn, hereby depose and state as follows:

1.      I am currently assigned to the Resident Agent in Charge at the O'Hare office/Hammond, Indiana group, which is responsible for conducting criminal investigations and enforcing laws that are under the investigative jurisdiction of the United States Department of Homeland Security, Immigration and Customs Enforcement, in the Northern District of Indiana.  I am a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered to investigate and make arrests for violations of U.S. criminal laws.

2.      I have been employed as a Special Agent with HSI for approximately 5 years and have been assigned to Chicago area of responsibility during that period.  I have received training as a criminal investigator at the Federal Law Enforcement Training Center.  Previous to my service with HSI, I spent over 9 years as a police officer with the Valparaiso Police Department, in Valparaiso, Indiana.  As a Special Agent, my responsibilities include investigating possible criminal violations of federal laws.  Additionally, I have participated in the execution of search warrants and arrest warrants in child pornography and child exploitation investigations involving searches and seizures of computers, computer equipment, software and electronically stored information.

3.      What follows are the facts that I believe are necessary to establish probable cause for the issuance of a criminal complaint alleging that between on or about January 1, 2008 and on or about May 23, 2013, Daniel Thomas Eckstrom (hereafter "Eckstrom") violated Title 18, United States Code, Section 2251(a) by knowingly employing, using,

1

persuading, inducing, enticing, and coercing a minor child to engage in, or to assist any other person to engage in, sexually explicit conduct for the purpose of producing a visual depiction of such conduct, where the visual depiction was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means.

4.      The facts set forth herein are either personally known to me or have been told to me directly by law enforcement officers and others with whom I have worked on this investigation.  I have not included in this affidavit each and every fact known to me concerning this investigation.

## STATUTORY AUTHORITY

5.      This investigation concerns alleged violations of 18 Title U.S.C. §§ 2251(a) and 2252, relating to material involving the sexual exploitation of minors.

6.      18 U.S.C. § 2251(a) makes it a federal crime to attempt to knowingly employ, use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct where such visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

7.      Title 18, United States Code, Section 2256(2)(A) defines "sexually explicit conduct" as "actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person."

8.      The Seventh Circuit has adopted a six-factor test for determining whether an image qualifies as a "lascivious exhibition of the genitals or pubic area of any person."  See

2

United States v. Moore, 215 F.3d 681, 686 (7th Cir. 2000). The six factors, originally set forth in United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986), are: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. No one factor is determinative, but not all factors need be satisfied in finding a depiction to be lascivious. Dost, 636 F. Supp. at 832.

9.      "Minor" means any person under the age of 18 years. See 18 U.S.C. § 2256(1).

10.     "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which are capable of conversion into a visual image. See 18 U.S.C. § 2256(5).

## INVESTIGATIVE SUMMARY

11.     On May 23, 2013, I was contacted by Special Agent Brandon Crane, an Investigator with the HSI office in Salt Lake City, Utah, regarding a possible child exploitation offense that may have occurred in Lake Station, Indiana. The following information was conveyed to me by Special Agent Crane from his own investigation and that of the various law enforcement departments involved:

a.  On December 4, 2012, HSI Salt Lake City, UT initiated an investigation into an individual who was suspected of producing child pornography images in Sandy, UT

and distributing them via his Yahoo! e-mail account. During an interview on December 7, 2012, the target of the Sandy, UT investigation confirmed that he had used the Yahoo! e-mail account through which child pornography had been distributed.

b. On or about January 30, 2013, Special Agent Crane received the results of a search warrant for the e-mail account of the Sandy, UT target. The information provided by Yahoo! was reviewed on or about February 13, 2013 and included e-mails sent and received from the e-mail account of the Sandy, UT target which included attached images and videos. The e-mail exchanges reviewed included multiple e-mails between the Sandy, UT target and an individual believed to reside in Syracuse, NY. In the exchanges, the two individuals share child pornography images and videos.

c. A preview of the exchanges revealed that on October 24, 2012, the Syracuse, NY target sent an email to the Sandy, UT target bearing the subject "my friend and [Jane Doe[1]]" and attached to the e-mail were nine (9) images of a young female minor being caused to engage in sexual activity including performing oral sex on an adult male who has since been identified as Eckstrom. The images appear to have been taken over the course of a multiple years as the female's body appears more or less developed depending on the photo. At least four (4) of the images depict the girl at a very young age (possibly just entering puberty). The Syracuse, NY target wrote in the e-mail a variation of Jane Doe's name and identified the relationship between Eckstrom and Jane Doe. According to the Syracuse, NY target, Eckstrom sent him

---

[1] The name listed in the messages is a variation of the name of Jane Doe, the victim in the images that, as explained below, are believed to have been produced by Eckstrom. The victim's name has been excluded from this affidavit for privacy reasons.

"several videos of [Jane Doe] too" and added that "they've been involved for a long time and the pics span those years."

d.  A response e-mail was sent from the Sandy, UT target to the Syracuse, NY target on or about October 24, 2012, which stated that Jane Doe was "amazing" and said "Love these pics thank you."

e.  On October 26, 2012 the Syracuse, NY target sent another e-mail the Sandy, UT target with the subject line "[Jane Doe] 'More'" and attached to the e-mail were ten (10) images.  The Syracuse, NY target wrote in the email: "These are some of the first pics he took of her and some of the last pics he took."  The first three (3) images depict an unidentified female touching the erect penis of an unidentified adult male. The next two (2) photos each depict a different unidentified female performing oral sex on two different unidentified adult males.  The last five (5) images depict Jane Doe being caused to pose in a sexual manner exposing her genitals and anus, and being caused to engage in sexual acts including performing oral sex on the erect penis of an adult male later identified as Eckstrom.

f.  Also on October 26, 2012, the Syracuse, NY target sent another e-mail to the Sandy, UT target with a fifty-four (54) second video titled, "touch herself and head" attached.  The video depicts a very young female masterbating and later performing oral sex on an adult male.  The young female in the video is possibly Jane Doe.

g.  That same day, the Sandy, UT target responded to the Syracuse, NY target's e-mail stating "I will send you pics tonight. I promise. [Jane Doe] is so amazing. I'm in love with her. Those early pics of her are incredible. Every pic of her is."

5

h.  Thereafter, the Syracuse, NY target sent the Sandy, UT target another e-mail with a four (4) second video of a very young female performing oral sex on an adult male. This video also possibly depicts Jane Doe.

12.     Special Agent Crane subsequently sent these images to the National Center for Missing and Exploited Children ("NCMEC") in hopes of identifying the victim depicted. NCMEC analyst Laura Hurley began her investigation on May 16, 2013.  By reviewing the electronic data associated with the child pornography images and videos provided by Special Agent Crane and searching the internet for other instances of that data, NCMEC analyst Hurley was able to link the camera used to take the child pornography images and videos with numerous other images posted online which depict Eckstrom and others including Jane Doe.  NCMEC analyst Hurley was able to link the online images depicting Eckstrom with an e-mail address apparently used by Eckstrom, a website user name apparently used by Eckstrom, and two online photosharing/social networking accounts apparently used by Eckstrom.  Based on all this, NCMEC analyst Hurley preliminarily identified Eckstrom as the offender depicted in the sexual abuse images of Jane Doe.  NCMEC analyst Hurley checked NCMEC's child pornography database to see if any of the images or videos provided to her by Special Agent Crane had been seen before by any other NCMEC analyst in a prior investigation and learned that ten (10) of the images had been found in a child pornography investigation in Anchorage, Alaska.  Upon completing her report, NCMEC analyst Hurley communicated her findings to Special Agent Crane who, in turn, contacted me.

13.     On May 23, 2013, after receiving information from Special Agent Crane, I contacted NCMEC analyst Hurley to discuss her investigation.  After talking with NCMEC

6

analyst Hurley, I contacted HSI Special Agent Eric Pond, who is HSI's liaison to NCMEC, and arranged for SA Pond to securely transfer copies of the child pornography images used by NCMEC analyst Hurley to identify Eckstrom.

14.     Thereafter, also on May 23, 2013, I conveyed information to HSI Special Agents Robert Gallowitch, Phil Coduti and Liam O'Neill, who were able to find and interview a former associate of Eckstrom's. The associate was identified through a police report made on May 16, 2013 in which the associate identified Eckstrom as a person named by a female minor relative (of the associate's) in response to a question about whether she (the child) has ever been touched inappropriately.

15.     This associate of Eckstrom's was interviewed at his/ her place of employment by Special Agents Gallowitch and O'Neill. During the interview, the associate was shown redacted copies of the child pornography images I obtained through Special Agent Pond from NCMEC. The images were redacted insofar as the portions thereof that depict Jane Doe engaging in sexually explicit conduct were blacked out so that only the adult male, Jane Doe's face, and various items seen in the background of the images could be viewed. (I am making available to U.S. Magistrate Judge Andrew P. Rodovich copies of these images for review if desired.) Eckstrom's associate identified the adult male depicted in the images as Eckstrom and the rooms in which the images were captured as rooms in Eckstrom's residence at 3603 E. 35th Place in Lake Station, Indiana. The associate also identified the victim in the child pornography images, referred to herein as Jane Doe, as a relative of Eckstrom's (whose identity is now known to law enforcement).

16.     On May 23, 2013 a warrant was obtained to search Eckstrom's residence at 3603 E. 35th Place in Lake Station, Indiana. That warrant was executed on the evening of

7

May 23, 2013.  Present at the time of the search warrant execution, among others, was

Eckstrom.  During the process of securing the residence, law enforcement found, in plain

view, numerous marijuana plants growing in the basement of the residence surrounded by

grow lamps and other equipment and tools used to grow marijuana.  Eckstrom subsequently

signed a consent form allowing law enforcement to search the residence for evidence related

to the growing of marijuana.

17.     Also found during the search were numerous items, including bongo drums, a

plastic soda-pop cup, a blanket, and pillows, which matched those seen in the background of

images and videos depicting Jane Doe engaging in sexually explicit conduct.  Law

enforcement further confirmed by observing Eckstrom's living area within the residence that

the sexual abuse of Jane Doe depicted in the child pornography images and videos occurred

there.

18.     An on-scene forensic examination of Eckstrom's desktop computer was also

conducted and images and videos of child pornography, including numerous images and

videos depicting Jane Doe being caused to engage in sexually explicit conduct with Eckstrom

were found.  The computer and all devices capable of storing electronic data were thereafter

seized pursuant to the search warrant.

19.     Eckstrom was transported to the Lake Station Police Department where he

was interviewed by law enforcement.  Prior to answering questions, Eckstrom was read his

Miranda rights and he signed a written waiver acknowledging that he understood those rights

and agreed to waive them and speak with law enforcement.  Thereafter, Eckstrom made

numerous statements and admissions to law enforcement to include the following:

8

a. Eckstrom admitted that he had knowingly received child pornography over the internet for several years. He said he was the only user of his computer and that it is password-protected, and he provided that password to law enforcement. Eckstrom claimed that he would "be into" child pornography for a couple of weeks, then erase everything because he felt "like a scumbag," but then return and view more material. Eckstrom admitted that he didn't know "how to stop looking at [child pornography]." Eckstrom explained that after he began downloading the material, he discovered like-minded individuals on the internet. Thereafter, he began chatting with those individuals and sharing child pornography. Eckstrom identified the e-mails addresses he had used to send and receive child pornography. Eckstrom stated that his sexual attraction is to girls who have some breast development, though he admitted to looking at "plenty" of child pornography featuring younger children. Eckstom admitted that he would masturbate while looking at child pornography. Eckstrom admitted that he has posed online as a minor female and chatted with others.

b. Eckstrom was shown eleven (11) color prints of child pornography depicting himself and Jane Doe and he identified each picture as one he had taken, admitting that he is the adult male seen in each of the photographs and that Jane Doe is the minor female depicted. Eckstrom signed the back of each print as his acknowledgement of having produced each image. Eckstrom estimated Jane Doe to have been 8 or 9 years old when some of the photographs were taken. Eckstrom admitted to having had vaginal intercourse with Jane Doe, who is now 12 years old. Eckstrom also admitted that he had sent sexual abuse images of Jane Doe to other individuals via the internet. Eckstrom denied allowing anyone else to sexually abuse Jane Doe or to photograph

9

her abuse by Eckstrom. Eckstrom directed law enforcement to the current location of all working cameras he had used to produce child pornography.

c. Eckstrom initially claimed that he had not sexually abused or photographed anyone besides Jane Doe. However, later in the interview, Eckstrom identified two other female minors whom he has photographed, one of whom he admitted to touching in a sexual manner. Eckstrom admitted that he looked at these two minor females while they were sleeping and would masturbate while watching them. He stated that he could see their genital region through their loose pajamas and became turned on by that. He admitted to photographing both girls while they slept, and touching one of the girls, but he denied ever vaginally penetrating them with his penis or any other object. Eckstrom claimed that when he photographed himself touching the one girl, he "made it look like" he was penetrating her vagina but actually did not. Eckstrom stated that this child, who was approximately 8 years old at the time, at some point asked him to stop doing what he was doing. (This is the victim who had previously reported sexual abuse by Eckstrom to the associate of Eckstrom's who was interviewed on May 23, 2013. That sexual abuse was the subject of a May 16, 2013 police report.)

d. Eckstrom described his relationship with Jane Doe as a boyfriend/girlfriend relationship. He stated that they smoke marijuana together. Eckstrom admitted that he used marijuana to "lure" Jane Doe into engaging in sexual conduct with him. Eckstrom explained that he would do this by offering to share marijuana with Jane Doe if she would engage in sexual acts with him. Eckstrom admitted that the

10

marijuana he grows is "pretty strong" and that he had given his home-grown

marijuana to Jane Doe.

## PROBABLE CAUSE

20.    Based on the above facts, I believe probable cause exists for the issuance of a

criminal complaint charging that between on or about January 1, 2008 and on or about May

23, 2013, Eckstrom violated Title 18, United States Code, Section 2251(a) by knowingly

employing, using, persuading, inducing, enticing, and coercing a minor child to engage in, or

to assist any other person to engage in, sexually explicit conduct for the purpose of producing

a visual depiction of such conduct, where the visual depiction was produced using materials

that have been mailed, shipped, or transported in or affecting interstate or foreign commerce

by any means.

21.    I therefore respectfully request that the attached warrant be issued authorizing

said complaint.

FURTHER AFFIANT SAYETH NAUGHT.

Marc O. Rochon
Special Agent
Homeland Security Investigations

Sworn and subscribed before me this 24TH day of May, 2013.

S/Andrew P. Rodovich

Andrew P. Rodovich
U.S. Magistrate Judge
Northern District of Indiana

11