UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

   vs.             CASE NO: 2:13CR84

DANIEL ECKSTROM

## SENTENCING MEMORANDUM

**Objections**

  The probation officer properly grouped Counts 8 and 9 of the indictment into Group Count Group 1 of the Presentence Report for purposes of sentencing. Count 8 was for distribution of child pornography and Count 9 was for possession. These offenses have an element involving a visual depiction of a minor engaging in sexually explicit conduct. The probation officer has included a 4 level enhancement pursuant to 2G2.1(b)(4) for depiction of sadistic or masochistic conduct or other depictions of violence. The Presentence Report does not indicate specifically what conduct qualifies under 2G2.1(b)(4). Several federal circuits have held that vaginal or anal penetration of a child by an adult can qualify as sadistic or masochistic conduct. *U.S. v. Rearden,* 349 F.3d 608 (9th Cir. 2003); *U.S. v. Lickman*, 235 F.3d 234, 239 n.22 (5th Cir. 2000); *U.S. v. Caro*, 309 F.3d 1348, 1352 n.1 (11th Cir. 2002); U.S. v. Street, 531 F.3d 703, 711 (8th Cir. 2008). This conduct would also establish the "sexually explicit conduct" element of the offense, and therefore the enhancement would constitute double counting.

  Mr. Eckstrom's second group of objections are to vulnerable victim enhancements adding 2 levels to the guideline calculation for each count. The vulnerable victim enhancement is not appropriate if the fact that makes the person vulnerable is already incorporated in the offense

guideline.  U.S.S.G. §3A1.1(b)(1) Cmt.n.2.  The base offense level for 18 U.S.C. §2252(a)(2) applies to an offense causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.  Furthermore, §2G1.1b(1)(A) indicates an enhancement of 4 points if the minor involved had not yet attained the age of twelve years.  Because the victim's age is already incorporated into the guideline, the vulnerable victim enhancement should not be applied.  Mr. Eckstrom's corrected offense level should be:

| Group# | Adjusted Offense Levels | Units |
|---|---|---|
| Cts. 8-9 | 44 | 1.0 |
| Ct. 1 | 44 | 1.0 |
| Ct. 2 | 44 | 1.0 |
| Ct. 3 | 44 | 1.0 |
| Ct. 4 | 44 | 1.0 |
| Ct. 5 | 40 | 1.0 |
| Ct. 6 | 46 | 1.0 |
| Ct. 7 | 42 | 1.0 |

**Total Number of Units:**                                  7.0

**Greater of the Adjusted Offense Levels Above:**                              46

**Increase in Offense Level:**                                                    5

**Combined Adjusted Offense Level:**                                            51

Mr. Eckstrom acknowledges that even with the reductions proposed by his objections, his total offense level would remain 43.

**Additional Sentencing Factors**

Although are typically developed by the Sentencing Commission using an empirical approach based on data about past sentencing practices, the commission did not use an empirical approach when formulating the guidelines for child pornography.  At the direction of Congress, the Sentencing Commission has amended the guidelines under §2G2.2 several times since their introduction in 1997, each time recommending harsher penalties.  The enhancements are

virtually meaningless in that the vast majority of cases qualify for most of the enhancements applied to Mr. Eckstrom.  In 2009, 94.8% of the sentences under 2G2.2 involved an image of a prepubescent minor; 97.2% involved a computer; 73.4% involved an image depicting sadistic or masochistic conduct or other forms of violence; and 63% involved 600 or more images.  See United States Sentencing Commission, *Use of Guidelines and Specific Offense Characteristics for Fiscal Year 2009*.  These enhancements add up to 13 levels to an already artificially high base offense level.  Furthermore, despite the large number of images involved in the case, Mr. Eckstrom never received financial remuneration for transmitting images.

Although sentencing guidelines indicate that a life sentence for Mr. Eckstrom is appropriate, this is but one factor that the court must consider when determining an appropriate sentence.  Of primary importance is the directive of 18 U.S.C. §3553; that the court impose a sentence sufficient, but not greater than necessary to comply with four specific purposes.  First, the sentence must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  Mr. Eckstrom acknowledges that the nature of his offense is among the most severe, but it is possible to imagine even worse scenarios; specifically, involving more victims, financially profiting from the exploitation of the victims, or failing to show remorse for the offense.  Regarding just punishment, Mr. Eckstrom has no criminal history.

The Presentence Report contained pertinent information regarding Mr. Eckstrom's up- bringing which is confirmed by the report of Dr. Kip Hillman (attached hereto and labelled "Exhibit A").  Mr. Eckstrom's father was physically abusive to him and his siblings.  His mother reported that he was physical, emotionally, mentally, and sexually abusive to her as well as being into "kinky sex".  The children were exposed to the father abusing their mother in a variety of ways.  Considering such an upbringing, it is not surprising that Mr. Eckstrom was left with a

confused view of appropriate sexual practices.

Secondly, the court should provide adequate deterrence to criminal conduct for both the defendant and other individuals. Because Mr. Eckstrom faces a minimum sentence of fifteen years, his risk of recidivism is reduced. The U.S. Parole Commission his long included age as part of its salient factor score because of the validated predictor of recidivism risk. [1] More recently, the Commission has identified increased age as a powerful predictor of reduced recidivism that was not included in the guidelines. [2] As reported by the commission, "recidivism rates declines relatively consistently if age increases," from 35.5% for offenders under age 21, down to 12.7% for offenders forty-one to fifty, and down to 9.5% for offenders over age fifty. [3] Although the court should consider deterrence of other potential offenders, counsel is unaware of any scientific evidence showing that harsher sentences deter potential sex offenders.

The third factor is to protect the public from further crimes of Mr. Eckstrom. Studies have shown that recidivism for in-household (incest) sex abuse (Bauer, 2010) [4] and child pornography (Report to Congress, 2012, chapter 11) is lower than other types of sex offenses.

---

[1] USSC, A Comparison of the Federal Sentencing Guidelines Criminal History Category and the U.S. Parole Commission Salient Factor Score 1, 8 & n.29 (2005).

[2] *Id*. at 8, 13-15

[3] USSC, *Measuring Recidivism, supra*, not 16, at 12 & Exhibit 9.

[4] Judge Steven Bauer, Blog. Sex offender recidivism base rates, November, 2010.

Furthermore, Mr. Eckstrom will be on supervised release for the remainder of his life. A released offender can be monitored for unlawful use of the internet, and a released defendant can be prohibited from living in a house with children or having unsupervised contact with children. Letters submitted by family members and conversations have demonstrated an on-going sense of concern and support for both the victim and Mr. Eckstrom. This is an additional factor for a lower risk of re-offense.

Mr. Eckstrom does not believe that the final factor, providing him with needed education or vocational training, medical care or other correctional treatment in the most effective manor is particularly relevant to his case in that he was regularly employed prior to his incarceration and has no serious pending medical issues.

The most important factor for the court to consider for a below guideline sentence is Mr. Eckstrom's remorse. He has cooperated with law enforcement since the initial investigation into his criminal conduct and pled guilty to accept responsibility for his offenses. Imposing a life sentence fails to distinguish Mr. Eckstrom from individuals accused of similar offenses who failed to acknowledge responsibility and put victims through continuing emotional distress by forcing them to testify and relive the experiences to which they were subjected. Mr. Eckstrom acknowledges the deep pain and trauma he has caused which will remain with the victims for the remainder of their lives and, since his arrest, has consistently acted to minimize that trauma.

For all of the above reasons, Mr. Eckstrom suggests that a sentence of 360 months is sufficient but not greater than necessary to meet all of the statutory factors. This would result in his incarceration until at least his late fifties. By this time, his risk of recidivism would be greatly reduced but he would still have the possibility of living a productive life and contributing

to restitution for his victims.

>Respectfully submitted,
>
>*/s/P. Jeffrey Schlesinger*
>P. Jeffrey Schlesinger
>Attorney for Eckstrom
>8396 Mississippi Street
>Suite G
>Merrillville, IN 46410
>(219)736-5555

## CERTIFICATE OF SERVICE

I certify that in the 25th day of September, 2014, service of a true and complete copy of the Sentencing Memorandum was served upon all parties via the CM/ECF system which sent notification of such filing to the following:

Jill Koster

>*/s/P. Jeffrey Schlesinger*
>P. Jeffrey Schlesinger
>Attorney for Eckstrom
>8396 Mississippi Street
>Suite G
>Merrillville, IN 46410
>(219)736-5555