UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

      vs.                                  CASE NO: 2:13CR84

DANIEL ECKSTROM

### SUPPLEMENTAL SENTENCING MEMORANDUM

Based upon the Government's Response to Mr. Eckstrom's objection to paragraphs concerning double counting for a vulnerable victim in the original Presentence Report, the Revised Presentence Report explains in Paragraphs 102 and 111 that Jane Doe 2 and 3 were especially vulnerable because they were sleeping.  The government relied upon *United States v. Newson*, 402 F3d 780 (7th Cir. 2005).  There are at least two important distinctions between this case and *Newsom*, however.

First, the *Newsom* court did not address the possibility of double counting due to the fact that the victim was a minor and was also sleeping.  Secondly, the district court found the victim in Newsom was unusually vulnerable because she was sleeping and was unable to show any sort of discontent or resist.  The 7th Circuit responded,

> "We are a bit troubled by the district court's findings.  It implies
> that any victim who is surreptitiously is watched is vulnerable, and
> we are hesitate to assume that the Sentencing Commission designed the
> enhancement to be this broad." *Id*. at 785.

The Court of Appeals did find that the district court properly applied the enhancement based upon the facts in that case because the Defendant moved the victim's underwear to get better shots of her genitals.  Although Mr. Eckstrom wishes to preserve his objection, he concedes that the fact situation concerning Jane Doe 2 is similar in that he had pulled her

underwear aside to photograph her while sleeping. He does not believe that the adjustment should apply to Jane Doe 3.

Because Mr. Eckstrom's objections involve allegations of double counting pursuant to the guidelines, he acknowledges *Untied States v. Vizcarra*, 668 F 3d 516 (7th Cir. 2012) which clarified this circuit's position on multiple increases based upon the same conduct. That decision pointed out that, "Subsection B of Application Note 4 explains that cumulative application is the rule *even if* multiple increases are based on the same conduct, *unless* a specific guideline instructs otherwise". *Id.* at 518. Mr. Eckstrom still contends that several of the enhancements applied in his Presentence Report are inapplicable.

Page 16        Paragraphs 39 and 41

Page 16, 17    Paragraphs 49 and 52

Page 17, 18    Paragraphs 59 and 61

Page 18        Paragraphs 69 and 71

Page 19        Paragraphs 79 and 81

Page 20        Paragraphs 89, 98 and 100

Page 21        Paragraph 102 and 111

Page 22        Paragraph 119

---

Page 16        Paragraphs 39

Mr. Eckstrom contends that the increase in this enhancement pursuant to 2G2.1(b)(2)(B) is inappropriate based upon "the threats of violence and marijuana to lure the minor into the commission of a sexual act. "The conduct described in this section is listed in 18 U.S.C.

§2241(a) or (b). That conduct is: "(i) using force against the minor; (ii) threatening or placing the minor in fear that any person will be subject to death, serious bodily injury or kidnapping; (iii) rendering the minor unconscious; or (iv) administering by force or threat of force or without the knowledge or permission of the minor, a drug, intoxicant, or similar substance and thereby substantially impairing the ability of the minor to appraise or control conduct." The threat of violence without more is insufficient to qualify for this enhancement, and, while Mr. Eckstrom acknowledges smoking marijuana with Jane Doe 1, there is no allegation that the marijuana was administered by force or threat of force or without Jane Doe 1's knowledge or permission.

Page 16    Paragraph 41

The enhancement for material that portrays sadistic or masochistic conduct or other depictions of violence is based upon images found on the defendant's computer. Mr. Eckstrom believes that this does not qualify as relevant conduct in that those acts were not, "committed, aided, abetted, counselled, commanded, induced, procured, or willfully caused by the defendant" or that they were not reasonably foreseeable in furtherance of jointly undertaken criminal activity as is required for relevant conduct under U.S.S.G §1B1.3(a)(1)(A) and (B).

Page 16    Paragraph 49

Applies the enhancement for commission of sexual act and conduct described in 18 U.S.C. §2241(a) or (b). As previously explained, the "threat of violence and marijuana" described in the Presentence Report does not qualify as conduct appropriate to apply this enhancement. Mr. Eckstrom admits commission of a sexual act which would justify a two level enhancement.

Page 17    Paragraph 51

Applies a four level increase for sadistic or masochistic conduct or other depictions of

violence. The vaginal and anal penetration which is the basis for the enhancement appears to be the same conduct which is the basis for the "sexual act" in paragraph 49. [1] The comments to U.S.S.G. §1B1.1 indicate that this is inappropriate. "Within each specific offense characteristic subsection, however, the offense level adjustments are alternative, only the one that best describes the conduct is to be used." Because these two enhancements are within the same specific offense characteristic subsection, only one should be applied.

Page 17        Paragraph 59

Mr. Eckstrom objects to the four level enhancement in paragraph 59 for the reasons previously argued and suggests that a two level increase in appropriate.

Paragraph 17, 18        Paragraph 61

Vaginal and anal penetration also constitute "commission of a sexual act" and are contained in the same subsection, so the guidelines prohibit application of both.

Page 18        Paragraph 69

Mr. Eckstrom again contends that a two level increase is appropriate, but that this conduct does not meet that described in 18 U.S.C. §2241(a) or (b).

Page 18        Paragraph 71

The conduct is described as justifying this enhancement also meets the definition of "commission of a sexual act" and therefore is inappropriate for an enhancement.

_____

[1]     As noted in Mr. Eckstrom's original sentencing memorandum, several federal circuits have held that vaginal or anal penetration by an adult can qualify as sadistic or masochistic conduct. See *United States v. Street*, 531 F 3d 703, 711 (8th Cir. 2008), *et al*.

Page 19       Paragraph 79, 81

Mr. Eckstrom contends that two level increase is inappropriate in Paragraph 79 as previously argued. The conduct specified in Paragraph 81 is vaginal penetration which also constitutes "commission of a sexual act" in paragraph 79.

Page 20       Paragraph 89

As previously argued, the use of threats of violence and marijuana is not sufficient to apply a four level increase, and a two level increase is appropriate.

Page 20       Paragraphs 98, 100

Mr. Eckstrom contends that Paragraph 98 is an appropriate application because a sexual act was involved. The same sexual act is the basis for the increase in Paragraph 100 which therefore should not apply.

Page 21       Paragraphs 102, 111

Probation has recommended a two level Victim Related Adjustment based upon the fact that the victims were asleep while filmed by Mr. Eckstrom. The government has correctly cited *United States v. Newson*, 402 F3d 780, 785 (7th Cir. 2005) approving a vulnerable victim enhancement for a sleeping victim.

As a factual objection, Mr. Eckstrom denies intentional touching of Jane Doe 3's vagina over her clothes with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

Mr. Eckstrom concedes that *United States v. Vizcarra*, would indicate that a vulnerable victim enhancement is appropriate regardless whether it is based upon the age of the victim or the fact that the victim was sleeping but wishes to preserve his objection. Although the Newsom decision seems to permit this, it also means that the vulnerable victim enhancement would apply

in any case involving a minor victim, even if the fact that the victim is a minor is incorporated in as an element in the offense.

Page 22        Paragraph 119

Mr. Eckstrom also objects to Page 22, Paragraph 119 for the five level enhancement due to engaging in a pattern of activity involving prohibitive sexual conduct. In this case, all of the prohibitive sexual conduct was considered in guideline calculation of the nine counts. Mr. Eckstrom does not does not believe that the sentencing commission intended to add an additional five levels to any defendant charged with multiple counts. Mr. Eckstrom is unable to locate any cases in which the enhancement has been applied to a similar fact situation.

| Group# | Adjusted Offense Levels | Units |
|---|---|---|
| Cts. 8-9 | 44 | 1.0 |
| Ct. 1 | 44 | 1.0 |
| Ct. 2 | 44 | 1.0 |
| Ct. 3 | 44 | 1.0 |
| Ct. 4 | 44 | 1.0 |
| Ct. 5 | 40 | 1.0 |
| Ct. 6 | 46 | 1.0 |
| Ct. 7 | 42 | 1.0 |

**Total Number of Units:**              8.0

**Greater of the Adjusted Offense Levels Above:**            46

**Increase in Offense Level:**               5

**Combined Adjusted Offense Level:**            51

Mr. Eckstrom acknowledges that even with the reductions proposed by his objections, his total offense level would remain 43.

In addition to these objections, Mr. Eckstrom incorporates herein the arguments for a non-guideline sentence in his original sentencing memorandum. He attaches hereto letters from family members and counsellors, chaplains and ministers. In his original sentencing

memorandum Mr. Eckstrom indicated his remorse for the pain and trauma he has caused all individuals involved in this case. The lapse of time prior to his sentencing has given Mr. Eckstrom an opportunity to demonstrate that his remorse is sincere. Numerous certificates achieved by Mr. Eckstrom during his incarceration are submitted herewith. From the content of the letters and the certificates he has obtained, his actions have been consistent with his expressions and remorse.

For all of the above reasons, Mr. Eckstrom suggests that a sentence of 360 months is sufficient but not greater than necessary to meet all of the statutory factors. This will result in his incarceration until at least his late 50's. By this time, his risk of recidivism would be greatly reduced but he would still have the possibility of living a productive life and contributing to restitution to his victims.

Respectfully submitted,

*/s/P. Jeffrey Schlesinger*
P. Jeffrey Schlesinger
Attorney for Eckstrom
8396 Mississippi Street
Suite G
Merrillville, IN 46410
(219)736-5555

**CERTIFICATE OF SERVICE**

I certify that in the 6th day of May, 2015, service of a true and complete copy of the Supplemental Sentencing Memorandum was served upon all parties via the CM/ECF system which sent notification of such filing to the following:

Jill Koster

*/s/P. Jeffrey Schlesinger*
P. Jeffrey Schlesinger
Attorney for Eckstrom

8396 Mississippi Street  
Suite G  
Merrillville, IN 46410  
(219)736-5555